1r 309
3r 261

# Tracy v. The Elizabethtown, Lexington and Big Sandy Railroad Company.

### APPEAL FROM FAYETTE CIRCUIT COURT.

1. This court has jurisdiction of an appeal from a judgment of the Fayette Circuit Court confirming the verdict of a jury in proceedings under writs of *ad quod damnum*, had in the county at the instance of appellee, to condemn a part of appellant's land for railroad purposes under appellee's charter.

2. The motion to discharge the supersedeas denied.

HUSTON & MULLIGAN AND D. G. FALCONER FOR APPELLANT.

BRECKINRIDGE & SHELBY FOR APPELLEE.

JUDGE HARGIS DELIVERED THE OPINION OF THE COURT.

An appeal was prayed and granted to appellant by the court below from its judgment confirming the verdict of a jury in each of two proceedings under writs of *ad quod damnum*, which were had in the county before a jury, at the instance of the appellee, to condemn a portion of a certain lot of land situate in the city of Lexington belonging to the appellant. A bond was executed and a supersedeas issued. The appellee comes and raises the question, by motion to dismiss, whether an appeal lies to this court. The General Statutes, section 1, article 22, chapter 28, title "Courts," declares that "the Court of Appeals shall have appellate jurisdiction over the *final orders and judgments of all other* courts of this Commonwealth, unless otherwise provided herein."

In this proceeding in the circuit court there was a final judgment rendered, by which the title to the appellant's private property was transferred to, and vested in, the appellee. There was not only a final judgment, but one which

affected the rights of property to the extreme extent to which the court could possibly go.

There is no provision in the General Statutes prohibiting an appeal in such a proceeding as was had before the circuit court between these parties; and unless the act, with its amendments, investing the appellee with corporate powers, and a personal existence, furnish an inhibition to the appeal, it cannot be found. We can find no such provision in any of those acts. But it is contended that the proceeding appealed from was not judicial, and that, therefore, this court has no appellate power over the judgment of the circuit court.

In the case of North Missouri Railroad v. Lackland (25, Mo.), the parties made an agreement, under seal, whereby three commissioners were appointed, to whom the question of compensation and assessment was referred. Their report was filed in the clerk's office of the circuit court, and was confirmed. That proceeding was held to be a judicial proceeding under the general law of Missouri, which is similar to the section quoted; and the court, in that case, said: "Although the act (of incorporation) is carelessly drawn and framed in a mode to justify doubts as to its true intent, we will not presume, notwithstanding the absence of any special provisions for an appeal, that it was the intention of the legislature to deprive the parties interested of this right, especially as the provisions of the general law . . . seem large enough, without any strained construction, to embrace the case."

No constrained construction is required under the general law of Kentucky to include the present case, in which a judgment has been rendered by a circuit judge, in his judicial capacity, depriving a citizen of title to his property.

Tracy v. The Elizabethtown, Lexington and Big Sandy Railroad Co.

The acts of the Legislature under which appellee proceeded to condemn the appellant's property require that the officer shall return the verdict to the clerk of the circuit court of his county; such clerk shall receive and file it in his office, "and such verdict shall be confirmed by the circuit court at its next regular term, if no sufficient reason is shown by either party for setting it aside." It is therefore shown by the charter itself that the proceeding cannot be heard except at a regular term; and that the circuit *court*—not the circuit judge even, but *the court*—shall confirm the verdict, if no sufficient reason be shown for setting it aside. If such proceedings are not judicial, why require the *court,* at a regular term, to confirm the verdict, if no reason be shown for setting it aside? Why require the *court* to set it aside upon reason being shown therefor, when the reason upon which the court can act in such a case must be a legal reason requiring judicial discretion?

Nowhere in the charter is the circuit court designated as an agent of the state, to act ministerially for it in exercising, as is supposed under this charter, its right of eminent domain. Each act required of the circuit court is purely judicial. And by section 1 of the amendment to the appellee's charter, approved March 18, 1872, it is provided, that if "the owner of the land, upon a tender being made to him of the amount of damages fixed . . . . by the circuit court, *in case an appeal is taken,* shall refuse to receive the same, it shall be lawful for the company to deposit the same with the sheriff of the county in which the inquisition is had." This language, instead of prohibiting an appeal, seems to authorize one. But however this may be, the court will strictly construe appellee's charter against it and not against appellant. And where doubts exist about the provisions of this

charter, they must be resolved in favor of the party whose property is sought to be taken under it. For its provisions are extraordinary, because so limited, as a means by which legal rights are to be judicially determined. The inquiry here is, whether the conditions upon which appellee is permitted to exercise, as the agent of the state, the right of eminent domain, have been complied with.

The act of the legislature granting to appellee its charter must be complied with before the appellee is vested with, or appellant is divested of, title to his property.

The proceeding here is judicial in form; and so it was in the circuit court, whose judgment is subject to revision by appeal.

And the motion to dismiss the appeal is overruled. But the motion to discharge the supersedeas presents a question of greater difficulty. Appellee's charter provides, "that the company may proceed to construct their said road as soon as the first verdict of the jury shall be returned, whether the same be set aside and a new jury ordered or not."

Here is a provision that authorizes a proceeding which, in effect, might deprive a citizen of his property against his will, and virtually without just compensation. For instance, suppose that the first jury should assess the condemned property, a fine house, at $1,000, when in fact its value was $10,000, and, before that verdict should be set aside, the party seeking to condemn should enter and raze the house, and become insolvent, and afterwards the verdict should be set aside as illegal, and another legally rendered for $10,000 as the value, where would the citizen obtain the *just compensation* for his property which the constitution of his state declares shall be made to him before his property shall be *taken* or

.applied to a public use? (See section 14, article 13, Bill of
Rights, Constitution of Kentucky.)

Has the legislature the power to take or apply private
property to a public use through an enactment whose provisions for that just compensation which the constitution
provides shall be made may turn out to be wholly illusory,
.and destructive of the right to, and possession of, private
property, which the constitution, section 3, of the same article quoted, declares to be "before and higher than any
constitutional sanction?"

This is a question of too much moment to decide without
a regular hearing upon the merits; and believing that there
is sufficient doubt of the constitutional propriety of such a
provision as to justify a hearing of this cause, we therefore
overrule the motion to discharge the supersedeas.